UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PARIS DIXON, | ) | CASE NO.   1:13CR00115 |
| | ) | 1:14CV01953 |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |
| | ) | (Resolving Docs. 71 and 74) |

The instant matter is before the Court upon Petitioner Paris Dixon's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Doc. 71. Dixon later filed a motion for leave to file a supplemental memorandum in support of her §2255 motion. This motion for leave to supplement is GRANTED. After reviewing the original motion and supplemental memorandum, along with the record in this case, the §2255 motion is DENIED.

**I. STANDARD OF REVIEW**

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

1

**II.     FACTS**

On February 28, 2013, Dixon was indicted, along with other co-defendants, for conspiring to commit wire fraud, wire fraud, credit card fraud, and aggravated identity theft. Doc. 1. Specifically, Dixon and her co-conspirators gained access to Giant Eagle Corporation's employee payroll account and transferred money out of the account to pay for goods and services for themselves, family members, and friends. Dixon and her co-conspirators also gained unlawful access to victims' bank accounts and credit cards in order to siphon money from these accounts to benefit themselves and others. Doc. 1.

Several months later, Dixon plead guilty to one count each of conspiracy to commit wire fraud, credit card fraud, and aggravated identity theft. Doc. 27. While on bond, Dixon tested positive for cocaine and was admonished by the Court. While still on bond, she committed a new-law theft violation, which was prosecuted in state court. These violations were reflected in the pre-sentence report, and it was recommended by the Pretrial and Probation Department that she not be considered for the benefit of "acceptance of responsibility" when calculating her sentencing guideline. Dixon's attorney objected to this recommendation and argued before the Court that Dixon struggled with mental illness and that her violations were a result of being off of her medication. Dixon, herself, reiterated this argument when she was given the opportunity to address the Court directly prior to the pronouncement of sentence.

The Court did not apply the "acceptance of responsibility" reduction but instead, sentenced Dixon to 30 months, which was the low end of the Guidelines. Dixon later filed the underlying motion for relief arguing ineffective assistance of counsel. She later filed a supplemental memorandum instanter, which was granted and considered by the Court.

**III. LAW AND ARGUMENT**

Dixon asserts three grounds for relief. Each ground is centered on a claim of ineffective assistance of counsel. The standard for ineffective assistance is the two-part test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). First, Dixon must show that her counsel's performance was deficient. *Id.* at 687. Counsel must not merely have erred, but erred so "serious[ly] that counsel was not functioning as the 'counsel' guaranteed ... by the Sixth Amendment." *Id*.

Second, Dixon must show that her counsel's deficient performance actually prejudiced her defense. *Id.* "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. In the context of guilty pleas, to establish prejudice under *Strickland*, a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial." *Short v. United States*, 471 F.3d 686, 691-92 (6th Cir. 2006) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690, 689 ("Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'").

Applying the principles of *Strickland* to the record before the Court, all grounds for relief are without merit:

### A. First Ground for Relief: "Insanity Defense / Mental Health Condition"

In her first ground for relief, Dixon contends that she was deprived of effective assistance of counsel related to her sentence. Dixon argues that her attorney, James Gentile, should have given "the court notice of an Insanity Defense after being advised by Dixon of her mental health condition." Doc. 74-1 at 7. She further argues that "her mental health condition[,] history, and treatment could have resulted in a downward variance at sentencing, reducing the months (total term) of imprisonment." Doc. 74-1 at 8. Dixon's argument lacks merit.

Under Ohio law, "…the concept of legal insanity is an affirmative defense that exists independent of the existence of the elements of the offense." *State v. Curry,* 45 Ohio St.3d 11, 543 N.E.2d 1228 (1989).

> An affirmative defense, such as insanity, represents a "confession and avoidance," whereby the defendant admits the elements of the crime but seeks to prove some additional fact that absolves the defendant of guilt. A defendant can be found "not guilty by reason of insanity" only if he proves that at the time of the commission of the offense, he "did not know, as a result of a severe mental disease or defect, the wrongfulness" of his acts. R.C. 2901.01(A)(14), citing R.C. 2901.05 (placing the burden on the defendant to show an affirmative defense by a preponderance of the evidence).

*State v. Poppelriter*, 2015-Ohio-4822, 50 N.E.3d 270, 277 (Ohio App. 7th Dist. 2015).

In this case, Dixon has made no argument and pointed to no evidence that would support a finding that she did not know the wrongfulness of her acts because of her mental disease or defect. To the contrary, during sentencing, she recognized that her actions were wrong but argued for a mitigation of sentence because of the treatment available for her mental illness. Furthermore, asserting a defense of not guilty by reason of insanity is incongruous with negotiating a plea and ultimately pleading guilty to certain offenses in the indictment, as Dixon did here. An insanity

defense was inappropriate under the facts, and Attorney Gentile's failure to raise a meritless defense certainly does not constitute the ineffective assistance of counsel.

Furthermore, it appears that Dixon may be attempting to argue that her undisputed bouts with mental illness and her refusal to take medication at the time of her offense are mitigating factors to be considered at sentencing. Attorney Gentile and Dixon, herself, raised these issues and discussed them in detail with the Court during sentencing. In fact, the Court mentioned these issues during the pronouncement of sentence. As such, to the extent the Court believed these factors should impact the final sentence, they were in fact recognized and considered by the Court. Dixon's first ground of relief is without merit.

### B. Second Ground for Relief: "Relevant Conduct / Amount of Loss"

In her second ground for relief, Dixon contends that Attorney Gentile failed to object to the following:

1) "The court's determination of the 'Relevant Conduct Enhancement;"
2) "Dixon was given ten points for the amount of loss, in the range of $120,000-$200,000."
3) "Relevant Conduct in the United States Sentencing Guidelines (USSG) is '[broadly]' defined. It violates Dixon's Fifth Amendment right to due process."

Doc. 74-1 at 9. Dixon's arguments are without merit. While Dixon states that her attorney was ineffective for failing to object to the loss amount, she does not provide any facts or affidavit to support why the $120,000-$200,000 range was incorrect. Furthermore, during the plea colloquy, the Court reviewed with Dixon the amount of loss contained in the plea agreement. After hearing the Court review, in detail, the $120,000 loss amount and the impact of the loss amount on the sentencing guideline computation, Dixon did not object but confirmed that she understood and still wanted to plead guilty. As such, Attorney Gentile was not ineffective as Dixon's counsel.

## C. Third Ground for Relief: "P.S.R."

Dixon argues that her counsel was ineffective at "'Sentencing and Appeal' Stages due to non-verification of defendant['s] P.S.R. [presentence report] and Dixon was not advised whether an appeal was necessary in her best interest." Doc. 74-1 at 10. She alleges Attorney Gentile did not ensure that the Court verified whether she had read and discussed the P.S.R. with him. Doc. 74-1 at 10. However, these allegations are simply false. During the sentencing, the Court specifically asked:

> THE COURT: All right. Thank you. Ms. Dixon, have you read the presentence report prepared to assist me in deciding your sentence in this case?
>
> THE DEFENDANT: Yes, I have, Your Honor.
>
> THE COURT: Have you discussed it with your client – with your attorney?
>
> THE DEFENDANT: Yes, I have, Your Honor.
>
> THE COURT: Counsel, have you done so, as well?
>
> MR. GENTILE: We have, Your Honor.

Doc. 80 at 3. Since the Court did verify that Dixon read the presentence report and discussed it with Attorney Gentile, her argument lacks merit. Dixon makes a one sentence statement that she was not advised of her appeal rights. However, she presents no other facts, affidavit, or argument to support this point. Furthermore, the Court advised Dixon of her appeal rights at the time of sentencing. Doc. 80 at 28. As such, Dixon's third ground for relief is without merit.

## IV. CONCLUSION

For the foregoing reasons, Petitioner Paris Dixon's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is hereby **DENIED.**

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Dated: January 6, 2017  /s/ *John R. Adams*
**JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE**